IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD F. WEINBERG | ) | |
| ILYNE R. WEINBERG | ) | |
| | ) | 08 C |
| **Plaintiffs** | ) | |
| | ) | |
| V. | ) | PH |
| | ) | |
| FIRST FRANKLIN FINANCIAL CORP. | ) | |
| FLAGSHIP MORTGAGE CORP. | ) | |
| | ) | |
| **Defendants** | ) | |

**FILED**
**JANUARY 30, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 663**

**JUDGE HOLDERMAN**
**MAGISTRATE JUDGE KEYS**

## COMPLAINT

Now comes Edward F. Weinberg and Ilyne R. Weinberg ("Plaintiffs"), by and through their attorneys, Leibowitz Law Center, and complains against First Franklin Financial Corporation ("First Franklin") and Flagship Mortgage Corporation ("Flagship Mortgage") pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFPA"), and for Fraud in the Inducement. Plaintiff respectfully shows the Court the following:

### JURISDICTION

1. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §1332, diversity of citizenship of the parties. The matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. §1332.

## CITIZENSHIP OF THE PARTIES

2.  The Plaintiffs, Edward F. Weinberg and Ilyne R. Weinberg ("Plaintiffs"), are natural persons residing at 513 Pine, Deerfield, Illinois 60015 (the "Property"). Plaintiffs are citizens of the State of Illinois. Plaintiffs are domiciled in the State of Illinois

3.  Defendant First Franklin is a corporation incorporated under the laws of the State of Delaware having its principal place of business in the State of California. Defendant First Franklin is a citizen of the State of California.

4.  Defendant Flagship Mortgage is a corporation incorporated under the laws of the State of Ohio having its principal place of business in the State of Ohio. Defendant Flagship Mortgage is a citizen of the State of Ohio.

## SERVICE OF PROCESS

5.  Defendant First Franklin is a Delaware corporation organized and existing under the laws of the State of Delaware and may be served with process by and through its registered agent CT Corporation System located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

6.  Defendant Flagship Mortgage is Ohio corporation organized and existing under the laws of the State of Ohio and my be served with process by and through its registered agent Nicholas J. Lagattuta located at 1515 Woodfield Avenue # 880, Schaumburg, Illinois 60173.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.  At the time of the filing of this Complaint, Debtors owned the Property located at 513 Pine, Deerfield, Illinois 60015.

8.  At all relevant times herein, Flagship Mortgage was agent for its principal First Franklin.  Beginning in December 2006 Flagship Mortgage was the broker for the refinancing of Plaintiffs' mortgage on the Property.  At all relevant times, First Franklin was the lender for Plaintiffs' refinanced loan and mortgage on the Property.

9.  At all relevant times herein, First Franklin and its agent Flagship Mortgage were doing business at 3701 Algonquin Road, #309, Rolling Meadows, Illinois 60008.  As such, First Franklin and Flagship Mortgage are subject to jurisdiction and venue of this Court.

10. In December of 2006 Plaintiffs contacted Flagship Mortgage by telephone in response to a radio advertisement offering favorable interest rates for the refinancing of real estate mortgages.

11. For several years prior to December of 2006, Edward F. Weinberg had severe health problems and underwent a kidney transplant.  As a result of his severe health problems, Plaintiffs were in extreme financial difficulty and were looking to refinance their mortgage in order to reduce their monthly payments and obtain cash out of the equity he had in their Property.

12. In December of 2006 Plaintiffs' Property was secured by a mortgage with GMAC Bank, and Plaintiffs' loan with GMAC Bank had a fixed rate of interest at 7.750 percent yearly on the unpaid principal of the loan.

13. In December of 2006 Plaintiffs contacted Flagship Mortgage to inquire about whether Flagship Mortgage could assist Plaintiffs in refinancing their mortgage with GMAC Bank to a loan with more favorable terms.

14. Flagship Mortgage by its agents or representatives, advised Plaintiffs that it could arrange for a refinancing or Plaintiffs' mortgage with GMAC Bank to a new mortgage with more favorable terms that would assist Plaintiffs with their difficult financial situation.

15. On or about January 3, 2007 Plaintiffs had a telephone interview with Mitch Horwitz, an employee of Flagship Mortgage and agent of First Franklin, and Mitch Horwitz completed a Uniform Residential Loan Application (the "Loan Application") for Plaintiffs.

16. The Loan Application completed by Mitch Horwitz states that Plaintiffs applied for a conventional mortgage in the amount of $416,000 at a fixed rate of interest of 6.850%.

17. The Loan Application contains a section entitled Employment Information. The Loan Application substantially overstated the income of both Plaintiffs by several thousands of dollars. The Loan Application states that Plaintiff Ilyne R. Weinberg's income was $7500.00 per month, or $90,000.00 per year, when in fact Plaintiff's Federal Income Tax Returns for 2006 show that Ilyne R. Weinberg's gross income for 2006 was $40,258.00. The Loan Application also overstated the income of Edward F. Weinberg by several thousands of dollars. The Loan Application states that the income for Edward F. Weinberg is $15,000 per month when in fact Edward F. Weinberg never represented to Flagship Mortgage that he had such income. The Loan Application that Plaintiffs signed inflated their income above that which they reported to Flagship Mortgage and completely fabricated

the amount of income, which fact Plaintiffs did not realize until after they were able to review the documents later.

18. The Loan Application contains a section stating a Schedule of Real Estate Owned. The Loan Application lists the Property and states a "present market value" in an amount that misrepresented the market value of the Property by overstating the Property's market value by several thousands of dollars. The Loan Application lists the market value of the Property at $520,000, when in fact an appraisal of the Property in December of 2007 shows that the fair market value of the Property was $450,000 and upon information and belief the fair market value of the property in December of 2006 was also $450,000.

19. Flagship Mortgage acting as agent for First Franklin arranged for Plaintiffs to refinance their mortgage with First Franklin as the lender.

20. Plaintiffs agreed to the refinance their mortgage with First Franklin based on the representations of Flagship Mortgage that the refinance with First Franklin would be financially beneficial to Plaintiffs.

21. The closing on the Transaction was set to take place on January 3, 2007. At the closing, Plaintiffs were not represented by an attorney.

22. At the closing, Plaintiffs were first presented with a mortgage that in fact secured an Adjustable Rate Note with terms substantially different than what was represented by Flagship Mortgage as agent for First Franklin and for which Plaintiffs applied.

23. Contrary to Plaintiffs' prior understanding, the interest rate on the loan with First Franklin had an initial rate of 6.8500 percent, but was subject to

change on February 1, 2009 and every six months thereafter.  Pursuant to Plaintiffs' Adjustable Rate Note with First Franklin, the interest rate they would be required to pay on the first date at which the interest rate would change will be not greater than 9.8500 percent or less than 6.8500 percent.  The Adjustable Rate Note states that after the first change date the interest rate will never increase or decrease on any change date by more than one percentage point from the rate of interest Plaintiffs had been paying for the proceeding six months, and that the interest rate will never be greater than 12.8500 percent nor less than 6.8500 percent.

24. As part of the Transaction, First Franklin retained a security interest in the Property.

25. The HUD-1 Settlement Statement for the Transaction shows that Plaintiffs received cash at the closing in the amount of $880.84, which amount was substantially less than what was told to them by Flagship Mortgage as agent for First Franklin.

26. Flagship Mortgage and First Franklin conspired to do a bait and switch of the mortgage Plaintiffs applied for and what was actually presented to them at the closing of the Transaction.  The mortgage loan that Plaintiffs ended up with is an adjustable rate mortgage that has potential to have much higher payments, which Plaintiffs did not know until after they were able to review the documents later.

27. The terms of the Adjustable Rate Mortgage sold to Plaintiffs were such that Plaintiffs were highly likely not to be able to make the payments after the six month rate adjustments took effect commencing February 1, 2009.

28. Plaintiffs did not receive the closing documents prior to the closing and at the closing Plaintiffs were rushed through signing the documents and did not have time to adequately review each document.

29. Plaintiffs did not have any reason to suspect that the documents which they would be signing at closing would differ in any way from the previous estimates they have been provided by Flagship Mortgage as agent for First Franklin.

30. First Franklin failed to deliver to each of the Plaintiffs all material disclosures required by the Truth in Lending Act and Regulation Z, including but not limited to an ARM brochure when the application form was given to the Plaintiffs or before the Plaintiffs paid a nonrefundable fee whichever is earlier, as required by Reg. Z § 226.19(b).  The ARM disclosure Plaintiffs received at closing recites that they received the booklet entitled Consumer Handbook on Adjustable Rate Mortgages ("CHARM brochure") when in fact they did not.

### Count I:  Illinois Consumer Fraud and Deceptive Business Practices Act

31. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiffs have a cause of action against Defendants under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").  815 ILCS 505.

815 ILCS 505/2 provides:

"Unfair methods of competition and unfair and deceptive acts or practices, including but not limited to the use and employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment,

suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.  In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act."

33.     Defendants participated in fraud, misrepresentation, and omission in material fact when Defendants (i) capitalized on Plaintiffs' vulnerable financial position by selling them a loan that had no economic benefit to Plaintiffs and which they could not afford, and which would likely result in the loss of their home after two years; (ii) arranging for Flagship Mortgage to be paid exorbitant fees; (iii) falsely representing Plaintiffs' income in order to qualify them for a loan; (iv) falsely inflating the fair market value of the Property in order to qualify them for a loan; (v) causing Plaintiffs' already poor financial situation to in fact force them into bankruptcy and subjecting them to the loss of their home; and (vi) failing to provide all required material disclosures to Plaintiffs.

34.     815 ILCS 505/10(a) allows Plaintiffs to bring this action for actual economic damages or any other relief which the court deems proper.

WHEREFORE,  Plaintiffs request that Judgment be entered against Defendants Flagship Mortgage and First Franklin as follows:

A.     That the Court find that Defendants Flagship Mortgage and First Franklin violated  the Illinois Consumer Fraud and Deceptive Practices Act;

B.     That the Plaintiffs be awarded compensatory and punitive damages in an amount to be determined by the jury, including court costs and attorneys fees.

C. For any other relief that the Court deems equitable and just.

## Count II: Fraud in the Inducement

35. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 30 as though fully set forth herein.

36. Defendant Flagship Mortgage as agent for First Franklin advised Plaintiffs that it could obtain a refinance of their mortgage with more favorable terms, and in fact Flagship Mortgage fraudulently induced Plaintiffs to enter the transaction with First Franklin that was an adjustable rate note with no economic benefit to Plaintiffs.

37. Defendant Flagship Mortgage as agent for First Franklin misrepresented material information regarding the transaction, including but not limited to promising Plaintiffs mortgage terms that they had no intention of providing, increasing Plaintiffs interest rate due to the terms of the adjustable rate financing of the loan, inflating Plaintiffs' income on the loan application in order to qualify them for a loan they could not afford, and inflating the market rate of the Property in order to qualify Plaintiffs for a loan they could not afford.

38. Defendant Flagship Mortgage as agent for First Franklin knew that the representations were false, or acted with reckless disregard to the truth.

39. First Franklin and Flagship Mortgage knew or should have known of the lack of economic benefit from the loan package they presented to Plaintiffs. Flagship Mortgage and First Franklin knew or should have known of the deficiencies in the underwriting because it was their pattern and practice to acquire such loans.

40. Representations regarding interest rates and terms of the loan were material facts which had been made by an employee of Flagship Mortgage as agent for First Franklin for the purpose of inducing Plaintiffs to accept the Transaction.

41. These representations were known to be false by the employee of Flagship Mortgage as agent for First Franklin, but reasonably believed to be true by the Plaintiffs.

42. Flagship Mortgage as agent for First Franklin knowingly misrepresented material facts regarding interest rates, at a time when, under certain circumstances where, there was a duty to disclose.

43. Each of the acts and omissions of representation and concealment by the employee of Flagship Mortgage as agent for First Franklin to Plaintiffs were material to the transaction.

44. Each of the acts and omissions of representation and concealment by the employee of Flagship Mortgage as agent for First Franklin to Plaintiffs were made with the intent of misleading Plaintiffs into relying upon it.

45. Plaintiffs were justified in relying on the representations and a lack of any concealment, and did, in fact so rely in choosing Flagship Mortgage as its broker and First Franklin as its lender in this transaction.

46. Flagship Mortgage and First Franklin benefited from Plaintiffs' reliance by causing Plaintiffs to enter into the transaction and by gaining additional profits resulting from Plaintiffs' reliance on the acts and omissions of Flagship Mortgage as agent for First Franklin.

47.     As a direct consequence of such reliance, Plaintiffs have suffered damages, past present, and future, including but not limited to, increased finance charges, excessive loan expenses and interest rates, loss of other credit opportunities, the loss of the benefit of their bargain, paying an excessive price for the refinance, excessive finance charges, damages to their credit rating, mental anguish, humiliation, embarrassment and aggravation, together with costs and attorneys fees incurred in obtaining relief from the wrongful acts and omissions of Flagship Mortgage as agent for First Franklin.

Wherefore, Plaintiffs pray for judgment against First Franklin and Flagship Mortgage for money damages in an amount in excess of $75,000 in which they are deemed entitled, together with interest, costs and attorney fees, and any and other relief from this Court that may be just, equitable and proper.

**JURY DEMAND**

Plaintiff hereby makes a jury demand pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

/s/David P. Leibowitz

Attorney for Plaintiffs

David P. Leibowitz -Attorney I.D. No. 1612271
Diane Brazen Gordon – Attorney I.D. No. 6202185
Leibowitz Law Center
420 W. Clayton Street
Waukegan, IL 60085
847.249.9100