UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDWARD F. WEINBERG and ILYNE R.          )
WEINBERG,                                )
                                         )
                    Plaintiff,           ) Case No. 08 C 663
                                         )
         v.                              ) Judge Holderman
                                         )
FIRST FRANKLIN FINANCIAL CORP.,          ) Mag. Judge Keys
and FLAGSHIP MORTGAGE CORP.,             )
                                         )
                    Defendants.          )

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT, FIRST FRANKLIN FINANCIAL CORPORATION**

The defendant, First Franklin Financial Corporation, ("First Franklin"), by and through its attorneys, Thomas J. Dillon, Timothy J. Somen and McFadden & Dillon, P.C., for its Answer and Affirmative Defenses to Plaintiffs' Complaint ("Complaint"), states as follows:

**JURISDICTION**

**Paragraph No. 1.:**

**The Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. 1332, diversity of citizenship of the parties. The matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. 1332.**

Answer to Paragraph No. 1.:

First Franklin admits that this is an action brought pursuant to the statutes referred to in Paragraph 1 of the

Complaint.   First Franklin denies any liability arising under either of those statutes.

**CITIZENSHIP OF THE PARTIES**

**Paragraph No. 2.:**

**The Plaintiffs, Edward F. Weinberg and Ilyne R. Weinberg ("Plaintiffs"), are natural persons residing at 513 Pine, Deerfield, Illinois 60015 (the "Property"). Plaintiffs are citizens of the State of Illinois, Plaintiffs are domiciled in the State of Illinois.**

**Answer to Paragraph No. 2.:**

First Franklin admits the allegations contained in Paragraph 2 of the Complaint.

**Paragraph No. 3.:**

**Defendant First Franklin is a corporation incorporated under the laws of the State of Delaware having is principal place of business in the State of California.  Defendant First Franklin is a citizen of the State of California.**

Answer to Paragraph No. 3.:

First Franklin admits the allegations contained in Paragraph 3 of the Complaint.

**Paragraph No. 4.:**

**Defendant Flagship Mortgage is a corporation incorporated under the laws of the State of Ohio having its principal place**

of business in the State of Ohio.  Defendant Flagship mortgage is a citizen of the State of Ohio.

<u>Answer to Paragraph No. 4.:</u>

First Franklin has insufficient knowledge to forma a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint and therefore denies same.

**SERVICE OF PROCESS**

<u>**Paragraph No. 5.:**</u>

Defendant First Franklin is a Delaware corporation organized and existing under the laws of the State of Delaware and may be served with process by and through its registered agent CT Corporation System located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

<u>Answer to Paragraph No. 5.:</u>

First Franklin admits the allegations contained in Paragraph 5 of the Complaint.

<u>**Paragraph No. 6.:**</u>

Defendant Flagship Mortgage is Ohio corporation organized and existing under the laws of the State of Ohio and may be served with process by and through its registered agent Nicholas J. Lagattuta located at 1515 Woodfield Avenue #880, Schaumburg, Illinois  60173.

<u>Answer to Paragraph No. 6.:</u>

First Franklin does not have sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint and therefore denies same.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

**Paragraph No. 7.:**

**At the time of the filing of this Complaint, Debtors owned the Property located at 513 Pine, Deerfield, Illinois  60015.**

Answer to Paragraph No. 7.:

First Franklin does not have sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint and therefore denies same.

**Paragraph No. 8.:**

**At all relevant times herein, Flagship Mortgage was agent for its principal First Franklin.  Beginning in December 2006 Flagship Mortgage was the broker for the refinancing of Plaintiffs  mortgage on the Property.  At all relevant times, First Franklin was the lender for Plaintiffs refinanced loan and mortgage on the Property.**

Answer to Paragraph No. 8.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint and therefore denies same.

**Paragraph No. 9.:**

At all relevant times herein, **First Franklin and its agent Flagship Mortgage were doing business at 3701 Algonquin Road, #309, Rolling Meadows, Illinois 60008. As such, First Franklin and flagship Mortgage are subject to jurisdiction and venue of this Court.**

Answer to Paragraph No. 9.:

First Franklin has insufficient information to form a belief as to the allegations contained in Paragraph 9 of the Complaint and therefore denies same.

**Paragraph No. 10.:**

**In December of 2006 Plaintiffs contacted Flagship Mortgage by telephone in response to a radio advertisement offering favorable interest rates for the refinancing of real estate mortgages.**

Answer to Paragraph No. 10.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint and therefore denies same.

**Paragraph No. 11.:**

For several years prior to December of 2006, Edward F. Weinberg had severe health problems and underwent a kidney transplant. As a result of his severe health problems, Plaintiffs were in extreme financial difficulty and were looking

to refinance their mortgage in order to reduce their monthly payments and obtain cash out of the equity he had in their Property.

Answer to Paragraph No. 11:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint and therefore denies same.

**Paragraph No. 12.:**

**In December of 2006 Plaintiffs Property was secured by a mortgage with GMAC Bank, and Plaintiffs loan with GMAC Bank had a fixed rate of interest at 7.750 percent yearly on the unpaid principal of the loan.**

Answer to Paragraph No. 12.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint and therefore denies same.

**Paragraph No. 13.:**

**In December of 2006 Plaintiffs contacted Flagship Mortgage to inquire about whether Flagship Mortgage could assist Plaintiffs in refinancing their mortgage with GMAC Bank to a loan with more favorable terms.**

Answer to Paragraph No. 13.:

First Franklin has insufficient information to form a

belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint and therefore denies same.

**Paragraph No. 14.:**

**Flagship Mortgage by its agents or representatives advised Plaintiffs that it could arrange for a refinancing on Plaintiffs mortgage with GMAC Bank to a new mortgage with more favorable terms that would assist Plaintiffs with their difficult financial situation.**

Answer to Paragraph No. 14.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint and therefore denies same.

**Paragraph No. 15.:**

**On or about January 3, 2007 Plaintiffs had a telephone interview with Mitch Horwitz, an employee of Flagship Mortgage and agent of First Franklin, and Mitch Horwitz completed a Uniform Residential Loan Application (the  Loan Application ) for Plaintiffs.**

Answer to Paragraph No. 15.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint and therefore denies same.

**Paragraph No. 16.:**

The Loan Application completed by Mitch Horwitz states that Plaintiffs applied for a conventional mortgage in the amount of $416,000 at a fixed rate of interest of 6.850%.

Answer to Paragraph No. 16.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint and therefore denies same.

**Paragraph No. 17.:**

The Loan Application contains a section entitled Employment Information.  The Loan Application substantially overstated the income of both Plaintiffs by several thousand dollars.  The Loan Application states that Plaintiff Ilyne R. Weinberg s income was $7500.00 per month, or $90,000.00 per year, when in fact Plaintiff s Federal Income Tax Returns for 2006 show that Ilyne R. Weinberg s gross income for 2006 was $40,258.00.  The Loan Application also overstated the income of Edward F. Weinberg by several thousands of dollars.  The Loan Application states that the income for Edward F. Weinberg is $15,000 per month when in fact Edward F. Weinberg never represented to Flagship Mortgage that he had such income.  The Loan Application that Plaintiffs signed inflated their income above that which they reported to Flagship Mortgage and completely fabricated the amount of income which fact Plaintiffs did not realize until after they were able

to review the documents later.

Answer to Paragraph No. 17.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint and therefore denies same.

**Paragraph No. 18.:**

**The Loan Application contains a section stating a Schedule of Real Estate Owned.  The Loan Application lists the Property and states a    present market value   in an amount that misrepresented the market value of the Property by overstating the Property s market value by several thousands of dollars. The Loan Application lists the market value of the Property at $520,000, when in fact an appraisal of the Property in December of 2007 shows that the fair market value of the Property was $450,000 and upon information and belief the fair market value of the property in December of 2006 was also $450,000.**

Answer to Paragraph No. 18.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint and therefore denies same.

**Paragraph No. 19.:**

**Flagship Mortgage acting as agent for First Franklin arranged for Plaintiffs to refinance their mortgage with First**

Franklin as the lender.

**Answer to Paragraph No. 19.:**

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint and therefore denies same.

**Paragraph No. 20.:**

**Plaintiffs agreed to the refinance their mortgage with First Franklin based on the representations of Flagship Mortgage that the refinance with First Franklin would be financially beneficial to Plaintiffs.**

Answer to Paragraph No. 20.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint.

**Paragraph No. 21.:**

**The closing on the Transaction was set to take place on January 3, 2007.    At the closing, Plaintiffs were not represented by an attorney.**

Answer to Paragraph No. 21.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint.

**Paragraph No. 22.:**

At the closing Plaintiffs were first presented with a mortgage that in fact secured on Adjustable Rate Note with terms substantially different than what was represented by Flagship Mortgage as agent for First Franklin and for which Plaintiffs applied.

Answer to Paragraph No. 22.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint and therefore denies same.

**Paragraph No. 23.:**

Contrary to Plaintiffs prior understanding, the interest rate on the loan with First Franklin had an initial rate of 6.8500 percent, but was subject to change on February 1, 2009 and every six months thereafter. Pursuant to Plaintiffs Adjustable Rate Note with First Franklin, the interests rate they would be required to pay on the first date at which the interest rate would change will be not greater than 9.85000 percent or less than 6.85000 percent. The Adjustable Rate Note states that after the first change date the interest rate will never increase or decrease on any change date by more than one percentage point from the rate of interest Plaintiffs had been paying for the proceeding six months, and that the interest rate will never be greater than 12.8500 percent nor less than 6.8500

**percent.**

Answer to Paragraph No. 23.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint and therefore denies same.

**Paragraph No. 24:**

**As part of the Transaction, First Franklin retained a security interest in the Property.**

Answer to Paragraph No. 24:

First Franklin admits that it retained a security deposit in the Property by way of a mortgage to secure Plaintiffs indebtedness to First Franklin evidenced by the underlying Note.

**Paragraph No. 25.:**

**The HUD-1 Settlement Statement for the Transaction shows that Plaintiffs received cash at the closing in the amount of $880.84, which amount was substantially less than what was told them by Flagship Mortgage as agent for First Franklin.**

Answer to Paragraph No. 25.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint and therefore denies same.

**Paragraph No. 26.:**

**Flagship Mortgage and First Franklin conspired to do a bait**

**and switch of the mortgage Plaintiffs applied for and what was actually presented to them at the closing of the Transaction. The mortgage loan that Plaintiffs ended up with is an adjustable rate mortgage that has potential to have much higher payments, w hich Plaintiffs did not know until after they were able to review the documents later.**

Answer to Paragraph No. 26.:

First Franklin denies the allegations contained in Paragraph 26 of the Complaint.

**Paragraph No. 27.:**

**The terms of the Adjustable Rate Mortgage sold to Plaintiffs were such that Plaintiffs were highly likely not to be able to make the payments after the six month rate adjustments took effect commencing February 1, 2009.**

Answer to Paragraph No. 27.:

First Franklin denies the allegations contained in Paragraph 27 of the Complaint.

**Paragraph No. 28.:**

**Plaintiff did not receive the closing documents prior to the closing and at the closing Plaintiffs were rushed through signing the documents and did not have time to adequately review each document.**

Answer to Paragraph No. 28.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint and therefore denies same.

**Paragraph No. 29.:**

**Plaintiffs did not have any reason to suspect that the documents which they would be signing at closing would differ in any way from the previous estimates they have been provided by Flagship Mortgage as agent for First Franklin.**

Answer to Paragraph No. 29.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Complaint and therefore denies same.

**Paragraph No. 30.:**

**First Franklin failed to deliver to each of the Plaintiffs all material disclosures required by the Truth in Lending Act and Regulation Z, including but not limited to an ARM brochure when the application form was given tot he Plaintiffs or before the Plaintiffs paid a nonrefundable fee whichever is earlier, as required by Reg. Z 226.19(b).   The ARM disclosure Plaintiffs received at closing recites that they received the booklet entitled Consumer Handbook on Adjustable Rate Mortgages ("CHARM brochure") when in fact they did not.**

Answer to Paragraph No. 30.:

First Franklin denies the allegations contained in Paragraph 30 of the Complaint.

### Count I:  Illinois Consumer Fraud and Deceptive Business Practices Act

**Paragraph No. 31.:**

**Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 30 as though fully set forth herein.**

Answer to Paragraph No. 31.:

First Franklin repeats and incorporates herein its responses to Paragraphs 1 through 30 its response to Paragraph 31 of Count I of the Complaint.

**Paragraph No. 32.:**

**Plaintiffs have a cause of action against Defendants under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA ").  815 ILCS 505.**

**815 ILCS 505/2 provides:**

**Unfair methods of competition and unfair and deceptive acts or practices, including but not limited to the use and employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with the intent that others rely upon the concealment, suppression or omission of such material fact, or**

the use or employment of any practice described in Section 2 of the Uniform Deceptive Trade Practices Act, approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.    In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

Answer to Paragraph No. 32.:

First Franklin answers Paragraph No. 32 of the Complaint by stating that the statutory provision of 815 ILCS 505/2 speaks for itself.

**Paragraph No. 33.:**

Defendants participated in fraud, misrepresentation and omission in material fact when Defendants (i) capitalized on Plaintiffs  vulnerable financial position by selling them a loan that had no economic benefit to Plaintiffs and which they could not afford, and which would likely result in the loss of their home after two years; (ii) arranging for Flagship Mortgage to be paid exorbitant fees; (iii) falsely representing Plaintiffs income in order to qualify them for a loan; (iv) falsely inflating the fair market value of the Property in order to qualify them for a loan; (v) causing Plaintiffs  already poor

**financial situation to in fact force them into bankruptcy and subjecting them to the loss of their home, and (vi) failing to provide all required material disclosures to Plaintiffs.**

Answer to Paragraph No. 33.:

First Franklin denies each and every allegation of wrongdoing on the part of First Franklin contained in Paragraph 33 of Count I of the Complaint and denies any liability to plaintiffs.

**Paragraph No. 34.:**

**815 ILCS 505/10(a) allows Plaintiffs to bring this action for actual economic damages or any other relief which the court deems proper.**

Answer to Paragraph No. 34.:

First Franklin answers Paragraph No. 34 of Count I of the Complaint by stating that the statutory provision of 815 ILCS 505/10(a) speaks for itself.

**Count II:  Fraud in the Inducement**

**Paragraph No. 35.:**

**Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 30 as though fully set forth herein.**

Answer to Paragraph No. 35.:

First Franklin hereby incorporates by reference its answers

to paragraphs 1 through 30 of the Complaint as though fully set forth herein.

**Paragraph No. 36.:**

Defendant Flagship Mortgage as agent for First Franklin advised Plaintiffs that it could obtain a refinance of their mortgage with more favorable terms and in fact Flagship Mortgage fraudulently induced Plaintiffs to enter the transaction with First Franklin that was an adjustable rate note with no economic benefit to Plaintiffs.

Answer to Paragraph No. 36.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of Count II of the Complaint and therefore denies same.

**Paragraph No. 37.:**

Defendant Flagship Mortgage as agent for First Franklin misrepresented material information regarding the transaction, including but not limited to promising Plaintiffs mortgage terms that they had no intention of providing, increasing Plaintiffs interest rate due to the terms of the adjustable rate financing of the loan, inflating Plaintiffs income on the loan application in order to qualify them for a loan they could not afford, and inflating the market rate of the Property in order to qualify

**Plaintiffs for a loan they could not afford.**

Answer to Paragraph No. 37.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of Count II of the Complaint and therefore denies same.

**Paragraph No. 38.:**

**Defendant Flagship Mortgage as agent for First Franklin knew that the representations were false, or acted with reckless disregard to the truth.**

Answer to Paragraph No. 38.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of Count II of the Complaint and therefore denies same.

**Paragraph No. 39.:**

**First Franklin and Flagship Mortgage knew or should have known of the lack of economic benefit from the loan package they presented to Plaintiffs. Flagship Mortgage and First Franklin knew or should have known of the deficiencies in the underwriting because it was their pattern and practice to acquire such loans.**

Answer to Paragraph No. 39.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of Count II of the Complaint and therefore denies same.

**Paragraph No. 40.:**

**Representations regarding interest rates and terms of the loan were material facts which had been made by an employee of Flagship Mortgage as agent for First Franklin for the purposes of inducing Plaintiffs to accept the Transaction.**

Answer to Paragraph No. 40.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of Count II of the Complaint and therefore denies same.

**Paragraph No. 41.:**

**These representations were known to be false by the employee of Flagship Mortgage as agent for First Franklin, but reasonably believed to be true by the Plaintiffs.**

Answer to Paragraph No. 41.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of Count II of the Complaint and therefore denies same.

**<u>Paragraph No. 42.:</u>**

Flagship Mortgage as agent for First Franklin knowingly misrepresented material facts regarding interest rates at a time when, under certain circumstances where, there was a duty to disclose.

<u>Answer to Paragraph No. 42.:</u>

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of Count II of the Complaint and therefore denies same.

**<u>Paragraph No. 43.:</u>**

Each of the acts and omissions of representation and concealment by the employee of Flagship Mortgage as agent for First Franklin to Plaintiffs were material to the transaction.

<u>Answer to Paragraph No. 43.:</u>

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of Count II of the Complaint and therefore denies same.

**<u>Paragraph No. 44.:</u>**

Each of the acts and omissions of representation and concealment by the employee of Flagship Mortgage as agent for First Franklin to Plaintiffs were made with the intent of

**misleading Plaintiffs to rely upon it.**

Answer to Paragraph No. 44.:

First Franklin has insufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of Count II of the Complaint and therefore denies same.

**Paragraph No. 45.:**

**Plaintiff incorporates by reference all the foregoing paragraphs.**

Answer to Paragraph No. 45.:

First Franklin incorporates by reference herein all of its answers to the foregoing paragraphs.

**Paragraph No. 46.:**

**Flagship Mortgage and First Franklin benefitted from Plaintiffs reliance by causing Plaintiffs to enter into the transaction and by gaining additional profits resulting from Plaintiffs reliance on the acts and omissions of Flagship Mortgage as agent for First Franklin.**

Answer to Paragraph No. 46.:

First Franklin denies the allegations contained in Paragraph 46 of Count II of the Complaint.

**Paragraph No. 47.:**

**As a direct consequence of such reliance Plaintiffs have**

**suffered damages, past present, and future, including but not limited to, increased finance charges, excessive loan expenses and interest rates, loss of other credit opportunities, the loss of the benefit of their bargain, paying an excessive price for the refinance, excessive finance charges, damages to their credit rating, mental anguish, humiliation, embarrassment and aggravation, together with costs and attorneys fees incurred in obtaining relief from the wrongful acts and omissions of Flagship Mortgage as agent for First Franklin.**

Answer to Paragraph No. 47.:

    First Franklin denies the allegations contained in Paragraph 47 of Count II of the Complaint.

                          **AFFIRMATIVE DEFENSES**

    1.   Plaintiffs Complaint, specifically, the allegations and claims asserted against First Franklin fail to state as claim upon which relief can be granted.

    2.   Plaintiffs have waived and released any claims against First Franklin in the subject documentation executed by Plaintiffs in favor of First Franklin in the transaction alleged in the Complaint.

    3.   Any liability asserted against First Franklin by Plaintiffs is subject to indemnification in favor of First Franklin from the defendant, Flagship Mortgage Corp.

**WHEREFORE**, the defendant, First Franklin Financial Corporation, respectfully requests that this Honorable Court (i) enter judgment in its favor and against the Plaintiffs on all Counts of the Complaint directed against First Franklin Financial Corporation, (ii) award First Franklin its costs of suit in this action, and (iii) grant such further and additional relief as the Court may deem just and proper.

Respectfully submitted,


/s/ Timothy J. Somen
One of the attorneys for the defendant, First Franklin Financial Corporation

Thomas J. Dillon (ARDC#3124223)
Timothy J. Somen (ARDC#6279438)
McFadden & Dillon, P.C.
120 South LaSalle Street
Suite 1335
Chicago, Illinois 60603
(312) 201-8300