28-9211-00-5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD F. WEINBERG, ILYNE R. WEINBERG,<br><br>            Plaintiff(s)<br><br>v.<br><br>FIRST FRANKLIN FINANCIAL CORP., FLAGSHIP MORTGAGE CORP.<br><br>            Defendant(s) | No. 08 C 663<br><br>Judge: Holderman<br>Magistrate Judge Keys |

## DEFENDANT FLAGSHIP MORTGAGE CORP.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO 12(B)(6)

NOW COMES, FLAGSHIP MORTGAGE CORP., by and through its attorneys, JOHN M. HYNES, PAIGE M. NEEL and CLAUSEN MILLER P.C. and for its Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), states as follows:

### ALLEGATIONS OF PLAINTIFFS' COMPLAINT

Plaintiffs, Edward and Ilyne Weinberg, allege that in December of 2006, they contacted Defendant Flagship Mortgage Corp. ("Flagship Mortgage") to inquire as to whether Flagship Mortgage could assist them in refinancing their mortgage with GMAC Bank to a loan with more favorable terms. (Compl. at ¶ 13.) Plaintiffs allege that their property was secured by a mortgage with GMAC Bank, with a fixed interest rate of 7.750 percent yearly on the unpaid loan principal. (Compl. at ¶ 12.) Plaintiffs allege that they were in extreme financial difficulty and were looking to refinance their mortgage to reduce monthly payments and obtain cash out of the equity they had in their property. (Compl. at ¶ 11.) Plaintiffs further allege that Flagship

1173281.1

Mortgage, by its agents and representatives, told plaintiffs that they could refinance Plaintiffs' mortgage with GMAC Bank to a new mortgage with more favorable terms. (Compl. at ¶ 14.)

Plaintiffs allege that Mitch Horwitz, an employee of Flagship Mortgage conducted a telephone interview with plaintiffs and completed a Uniform Residential Loan Application for Plaintiffs. (Compl. at ¶ 15.) Plaintiffs further allege that this application states that Plaintiffs applied for a conventional mortgage for $416,000, with a fixed interest rate of 6.85 %. (Compl. at ¶ 16.) Plaintiffs contend that the Loan Application overstates the income of both Plaintiffs. ¶ 17.) Plaintiffs submit that the Loan Application states that Ilyne R. Weinberg's income was $7,500 per month, or $90,000.00 per year, when her 2006 tax return showed that her gross income for that year was 40, 258.00, and that Edward Weinberg's income was $15,000 per month, which was never represented to Flagship Mortgage. (Compl. at ¶ 17.) Plaintiffs admit that they signed the Loan Application with the inflated income. (Compl. at ¶ 17.)

Plaintiffs further allege that the Loan Application misrepresented the market value of Plaintiffs' property. (Compl. at ¶ 18.) Specifically, they contend that the Loan Application lists the market value of the Property at $520,000, but a December 2007 appraisal lists the market value of the property at $450,000. (Compl. at ¶ 18.) Flagship Mortgage, as a agent for First Franklin Financial Corp. ("First Franklin"), coordinated the refinance of Plaintiffs' Mortgage with the lender, First Franklin. (Compl. at ¶ 19.) Plaintiffs allege that their agreement to refinance their mortgage with First Franklin was based upon representations by Flagship Mortgage that their refinance would financially benefit plaintiffs. (Compl. at ¶ 20.)

Plaintiffs state that at the closing of the loan on January 3, 2007, they were first presented with a mortgage secured on an Adjustable Rate Note with terms that were different that what plaintiffs applied for and what had been represented to them by Flagship Mortgage. (Compl. at ¶

22.) Plaintiffs claim that the terms of the Adjustable Rate Mortgage sold to plaintiffs were such that it would be unlikely that Plaintiffs were not going to be able to make the payments after the six month rate adjustment became effective on February 1, 2009. (Compl. at ¶ 27.) Plaintiffs further allege that they received cash at closing in the amount of $880.84, which was less than what Flagship Mortgage, as an agent for First Franklin, represented to them. (Compl. at ¶ 25.) Plaintiffs admit that they signed the closing documents but did not adequately review each document (Compl. at ¶ 28.) Plaintiffs allege that defendants conspired for a bait and switch of the mortgage Plaintiffs applied for and what was presented to them at closing. (Compl. at ¶ 26.) Plaintiffs have plead two counts of fraud against Flagship Mortgage. (Compl. at ¶¶ 31, 35.) Count I is entitled "Illinois Consumer Fraud and Deceptive Business Practices Act" ("ICFA") and Count II is entitled "Fraud in the Inducement." (Compl. at ¶¶ 31, 35.)

## LEGAL STANDARD

On a 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded allegations of the complaint, drawing all reasonable inferences in favor of the Plaintiff. *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483 (7th Cir. 1997). "A complaint is properly dismissed pursuant to Fed. R. Civ. P. 12(b)(6) when the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief." *Id.* (citing *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996)).

A complaint "must contain something more. . .than.. .a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (internal citations omitted). Rather, "[a] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**ARGUMENT**

**I. PLAINTIFFS HAVE FAILED TO PLEAD THEIR COMPLAINT FOR FRAUD WITH PARTICULARITY AS REQUIRED BY RULE 9(B)**

**A. Plaintiff has failed to plead Count I: Illinois Consumer Fraud and Deceptive Business Practices Act with Particularity**

Plaintiffs' ICFA claim must be dismissed for the reason that it lacks the requisite specificity under Fed. R. Civ. P. 9(b). An ICFA claim must be pled with specificity under Fed. R. Civ. P. 9(b). *Gallagher Corp. v. Mass. Mut. Life Ins. Co.*, 940 F.Supp. 176, 180 (N.D. Ill. 1996) (dismissing an ICFA claim where plaintiff failed to plead specific facts amounting to misrepresentation). Specifically, a plaintiff must state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)). In other words, the plaintiff must plead "the who, what, when, where and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

Plaintiffs' ICFA count is devoid of many of these details concerning some of the alleged misrepresentations. For instance, plaintiff alleges that "Flagship Mortgage, by its agents or representatives, advised Plaintiffs that it could arrange for a refinancing of Plaintiffs' mortgage with GMAC Bank to a new mortgage with more favorable terms that would assist Plaintiffs with their difficult financial situation." (Compl. at ¶¶ 14, 20.) Plaintiffs fail to state who made this alleged misrepresentation, the place this alleged misrepresentation was made, and the method by which this misrepresentation was communicated. They also fail to specify what the "more

4

1173281.1

favorable terms" entailed. Plaintiffs further allege that they received $880.84 in cash at closing, "which was substantially less than what was told to them by Flagship Mortgage as agent for First Franklin." (Compl. at ¶ 25.) Again, plaintiffs have failed to allege the identity of the person making the alleged misrepresentation, as well as the method, place and time of the alleged misrepresentation.

In *U.S. v. All Meat and Poultry Products Stored at Lagrou Cold Storage*, 470 F.Supp.2d 823, 830 (N.D. Ill. 2007), the Court dismissed third-party consumer fraud claims for lacking the requisite particularity required under Fed. R. Civ. P. 9(b). Specifically, the court found that the allegations of the complaint were too general to satisfy the heightened pleading requirements for claims of fraud. The court set forth that that 9(b) requires specifics such as the name of the individual who made the statement, the specific date the statement was made, to whom the statement was made, and the date of the statement. The Court found the complaint devoid of these details. Similarly, as set forth above, several of the allegations of plaintiffs' Consumer Fraud count against Flagship Mortgage lacks one or more of these requirements, as set forth above, and should be dismissed.

Further, plaintiffs allege the following in Paragraph 33 of the Complaint:

> Defendants participated in fraud, misrepresentation, and omission material fact when Defendants (i) capitalized on Plaintiffs' vulnerable financial position by selling them a loan that had no economic benefit to Plaintiffs which they could not afford and which would likely result in the loss of their home after two years; (ii) arranging for Flagship Mortgage to be paid exorbitant fees; (iii) falsely representing Plaintiffs' income in order to qualify them for a loan; (iv) falsely inflating the fair market value of the Property in order to qualify them for a loan; (v) causing Plaintiffs' already poor financial situation to in fact force them into bankruptcy and subjecting them to the loss of their home; and (vi) failing to provide all required material disclosures to Plaintiffs. (Compl. at ¶ 33).

1173281.1

In addition to Paragraph 33 being devoid of the specifics as to who, what, where, when and how, plaintiffs lump together the allegations of fraud against both defendants, Flagship Mortgage and First Franklin. In cases involving multiple defendants, "the complaint should inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular defendant." *Balbanos v. North Am. Inv. Group, Ltd.* 708 F.Supp. 1488, 1493 (N.D. Ill. 1988). In the case of *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) the Court affirmed the district court's dismissal of the plaintiff's complaint with prejudice where "the complaint lump[ed] all the defendants together and [did] not specify who was involved in what activity." *See also Design, Inc. v. Synthetic Diamond Technology, Inc*, 674 F.Supp. 1564, 1569 (N.D. Ill. 1987) (discussing the prohibition on lumping defendants together). Here, Plaintiffs have lumped together the defendants and the allegations fail to inform Flagship Mortgage of the specific fraudulent acts against it and what role it played in the alleged fraudulent scheme. Therefore, plaintiffs' claim for ICFA also lacks the requisite specificity on the basis of lumping together the defendants, and must be dismissed.

**B. Plaintiff has failed to plead Count II: Fraud in the Inducement with Particularity**

Similarly, plaintiff's Count for Fraud in the Inducement fails as it lacks the required specificity. In order to state a claim for fraud in the inducement, the plaintiff must state "the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the representation was communicated to the plaintiff." *Uni \*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992). "In other words, the plaintiff must plead the 'who, what, when, and where' of the alleged fraud." *Id.*

For example, plaintiffs allege, in relevant part, the following:

6

1173281.1

- "Defendant Flagship Mortgage as agent for First Franklin advised Plaintiffs that it could obtain a refinance of their mortgage with more favorable terms and in fact Flagship Mortgage fraudulently induced Plaintiffs to enter the transaction with First Franklin that was an adjustable rate note with no economic benefit to plaintiffs." (Compl. at ¶ 36.)

- "Defendant Flagship Mortgage as agent for First Franklin misrepresented material information regarding the transaction, including but not limited to promising Plaintiffs mortgage terms that they had no intention of providing, increasing Plaintiffs' interest rate due to the terms of the adjustable rate financing of the loan, inflating Plaintiffs' income on the loan application in order to qualify them for a loan they could not afford, and inflating the market rate of the Property in order to qualify Plaintiffs for a loan they could not afford." (Compl. at ¶ 37.)

- "First Franklin and Flagship Mortgage knew or should have known of the lack of economic benefit from the loan package they presented to Plaintiffs. Flagship Mortgage and First Franklin knew or should have known of the deficiencies in the underwriting because it was their pattern and practice to acquire such loans. (Compl. at ¶ 39.)

- "Representations regarding interest rates and terms of the loan were material facts which had been made by an employee of Flagship Mortgage as agent for First Franklin for the purpose of inducing Plaintiffs to accept the Transaction." (Compl. at ¶ 40.)

- "Flagship Mortgage as agent for First Franklin knowingly misrepresented material facts regarding interest rates, at a time when, under certain circumstances where there was a duty to disclose." (Compl. at ¶ 42.)

1173281.1

- "Each of the acts and omissions of representation and concealment by the employee of Flagship Mortgage as agent for First Franklin to Plaintiffs were material to the transaction." (Compl. at ¶ 43.)
- "Each of the acts and omissions of representation and concealment by the employee of Flagship Mortgage as agent for First Franklin to Plaintiffs were made with the intent of misleading Plaintiffs into relying upon it." (Compl. at ¶ 44.)

Some of these of these allegations fail to state *who* from Flagship Mortgage made the alleged misrepresentations, which is insufficient under Rule 9(b). These allegations further fail to state the place in which the alleged misrepresentations were made, and some allegations fail to state the method and time.

In addition, in some instances, plaintiff fails to allege the exact misrepresentations. For example, Paragraph 37 of plaintiffs' complaint alleges that defendant misrepresented material information about the transaction, "including but not limited to promising Plaintiffs mortgage terms that they had no intention of providing…" but fails to detail nature these alleged mortgage terms. In addition, Paragraph 39 fails to detail the specifics of how the loan package lacked economic benefit, and how there were deficiencies in underwriting, and facts specific as to how it was defendants' pattern and practice to acquire such loans. Further, Paragraphs 40 and 42 of plaintiffs' complaint alleges that representations regarding interest rates and terms of the loan were made, but fails to set forth the nature of those rates and terms.

In *Graue Mill Development Corp. v. Colonial Bank & Trust Co. of Chicago*, 927 F.2d 988, 993 (7th Cir. 1991), the Court affirmed the dismissal of a fraud claim because the plaintiff failed to allege with particularity the required elements of content, time, place and identity. The court found that plaintiff did not allege the specific content of the fraudulent statements or acts.

In *Uni\*Quality*, the Court affirmed the dismissal of the fraud claim where the plaintiff failed to allege the identity of the party who made the alleged misrepresentations, the time the misrepresentations were made, or the place they were made. *Uni\*Quality, supra*, at 923-24.

In addition, in *Hologic, Inc. v. Dunworth*, 1999 WL 529564 (N.D. Ill. 1999), the Court granted plaintiff's motion to dismiss Count II, fraudulent inducement, of defendants' counterclaim. In *Hologic*, the court found that the counterclaim for fraud in the inducement failed to specify the method of communication. The court stated that the count had to "specify the method of communication, indicating not only whether the alleged misrepresentations were oral or written but also whether they were made in person, by phone, or some other medium." *Id.* at *3.

As in *Hologic*, Plaintiffs' fraud count fails to allege the method the misrepresentations were made in many of the allegations, such as whether they were made in person, by phone, or some other medium. Like the aforementioned cases, plaintiffs' count for fraud in the inducement is devoid of may of the required elements, including the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the representation was communicated and therefore, must be dismissed. Flagship Mortgage also incorporates the particularity argument previously set forth with respect to the ICFA claim to the extent that it also applies to plaintiffs' Fraud in the Inducement Count.[1] Based upon the foregoing, it is clear that plaintiffs' complaint fails to meet the heightened pleading standard for fraud required by 9(b) and plaintiffs' claim for Fraud in the Inducement must be dismissed.

---

[1] Plaintiffs also allege throughout their complaint that defendants sold them a loan that had no economic benefit to Plaintiffs. ( Compl. at ¶ 33, 36, 39). However, this is merely the Plaintiffs' opinion of the legal effect of a document, and a legal conclusion, and cannot constitute specific facts amounting to fraud. *See Papasan v. Allain*, 478 U.S.265, 286 (1986) (On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.)

9

1173281.1

## II. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR FRAUD IN THE INDUCEMENT BECAUSE THEY CANNOT ESTABLISH THAT THEIR RELIANCE UPON THE ALLEGED MISREPRESENTATIONS WAS JUSTIFIED

To state a claim for fraud in Illinois, the plaintiff must allege the following: (1) that a false statement of material fact was made; (2) that the party making the statement knew or believed it to be untrue; (3) that the party to whom the statement was made had a right to rely upon it and did so; (4) that the statement was made for the purpose of inducing the other party to act; and (5) that the party reasonably relied upon the statement to its detriment (6) the plaintiff suffered damages. *Conner v. Merrill Lynch Realty, Inc.*, 220 Ill.App.3d 522, 528, 581 N.E.2d 196 (1st Dist. 1991), *General Motors Acceptance Corp. v. Central Nat'l Bank*, 773 F.2d 771, 778 (7th Cir. 1985).

"Justifiable reliance is an essential element of common law fraud in Illinois."*Conner*, 220 Ill.App.3d at 522. Reliance can be determined as a matter of law when no trier of fact could find that it was reasonable to rely on the alleged statements or when only one conclusion can be drawn. *Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc.*, 250 F.3d 570, 574 (7th Cir. 2001) (citing *Neptuno Treuhand-Und Verwaltungsgesellschaft Mbh v. Arbor*, 295 Ill.App.3d 567, 692 N.E.2d 812 (1st Dist. 1998).

In determining whether reliance is reasonable, all of the facts of which plaintiff had actual knowledge, as well as all of those he might have learned if he had used ordinary prudence, must be taken into account. *Conner* 220 Ill.App.3d at 529-30. "If ample opportunity existed to discover the truth, then reliance is not justified." *Id*. Further, a party may not state a claim fraud in the inducement if the party "had the opportunity to read the contract and by doing so could have discovered the misrepresentation," for under these circumstances, the party's reliance would not be deemed reasonable. *Pierce v. Atchison, Topeka & Santa Fe Ry. Co.*, 65 F.3d 562,

10

1173281.1

569 (7th Cir. 1995). If a party "could have discovered the fraud by reading the contract and had the opportunity to do so, Illinois courts have refused to extend the doctrine of fraud in the inducement to invalidate contracts." *Cozzi*, 250 F.3d at 574-75. It is an elementary principle of contract law that " '[a party] may not enter into a transaction with [its] eyes closed to available information and then charge that [it] has been deceived by another.'" *Id.* (quoting *Adler v. William Blair & Co.*, 271 Ill.App.3d 117,125-26, 648 N.E.2d 226, 232 (1st Dist. 1995.)

The case at bar is a classic case of a party entering into a transaction with its eyes closed to available information and then claiming they have been deceived by another, in this case, Flagship Mortgage. Plaintiffs admit in their Complaint that they signed the loan documents. They admit that they discovered the alleged misrepresentations after reading the loan documents at a later time. Clearly, they could have discovered the alleged misrepresentations by simply reading the loan documents, and then made the choice not to sign the loan. Plaintiffs specifically admit that they did not adequately review each document. The plaintiff's reliance in this case was in no way justifiable.

For instance, plaintiffs allege in their count for fraud in the inducement that "Defendant Flagship Mortgage, as agent for First Franklin misrepresented material information regarding the transaction, including but not limited to promising Plaintiffs mortgage terms that they had no intention of providing, increasing Plaintiffs interest rate due to the terms of the adjustable rate financing of the loan, inflating Plaintiffs' income on the loan application in order to qualify them for a loan they could not afford, and inflating the market rate of the Property in order to qualify Plaintiffs for a loan they could not afford." (Compl. at ¶ 37).

However, nowhere in the Complaint do the plaintiffs ever claim that this information was not made available to them, or that they did not have an opportunity to read the loan documents.

11

1173281.1

In fact, their own complaint sets forth quite the contrary--that all of these alleged misrepresentations were contained in the loan documents, which could have been discovered. Plaintiffs specifically admit that they signed the closing documents but did not adequately review each document (Compl. at ¶ 28.) Plaintiff's complaint sets forth that the "Loan Application that plaintiffs *signed* inflated their income above that which they reported to Flagship Mortgage…which fact Plaintiffs did not realize until after they were able to review the documents later." (Compl. at ¶ 17.) *See Metrick v. Chatz,* 266 Ill.App.3d 649, 653, 639 N.E.2d 198 (1st Dist. 1994) ("plaintiffs must be charged with knowledge of the contents of a document which they signed").

In addition, Plaintiffs allege that the Loan Application clearly lists the market value of Plaintiffs' home as $520,000, but that upon the Plaintiffs' information and belief, the fair market value of the home in December of 2006 was $450,000. (Compl. at ¶ 18). Plaintiffs also set forth in their complaint that the terms of the adjustable rate note were specifically set forth in the Loan Application that they signed. Plaintiffs allege that "the interest rate on the loan with First Franklin had an initial rate of 6.8500 percent, but was subject to change on February 1, 2009. . ." (Compl. at ¶ 23.) The Complaint specifically states that "the mortgage loan plaintiffs ended up with is an adjustable rate mortgage that has potential to have much higher payments, which Plaintiffs did not know until after they were able to review the documents later." (Compl. at ¶ 26.)

The allegations of plaintiff's complaint clearly underscore the fact the plaintiffs had the opportunity to read the Loan Application and by doing so could have discovered the alleged misrepresentations. The allegations of plaintiffs' complaint do not amount to fraud, but rather to plaintiffs' failure to use ordinary prudence. The case law is clear that a claim for fraud cannot

12

1173281.1

stand in Illinois this instance, where a party could have discovered the fraud by reading the contract. In addition, plaintiffs admit in their complaint that they did not adequately review the documents. (Compl. at ¶ 28.) Clearly, plaintiffs cannot establish justifiable reliance in any scenario. Therefore, plaintiffs' have failed to state a claim for fraud in the inducement, and Count II for Fraud in the Inducement must be dismissed with prejudice.

### III. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR CONSUMER FRAUD OR FRAUD IN THE INDUCEMENT BECAUSE THEY HAVE FAILED TO ALLEGE DAMAGES PROXIMATELY CAUSED BY THE FRAUD

To state a claim under the ICFA, a plaintiff must allege the following: (1) a deceptive act or practice; (2) intent that the plaintiff rely upon the deception; (3) that the deception occurred in connection with a commercial transaction and (4) that the deception proximately caused damages. *Cozzi*, 250 F.3d at 576. *See Adler v. William Blair & Co.*, 271 Ill.App.3d 117, 648 N.E.2d 226, 234 (1995) ( "as in any other tort, to sustain a cause of action under the Consumer Fraud Act, the plaintiffs must further allege that damages were proximately caused by the fraud.") In addition, to plead a claim for common law fraud, the plaintiffs must allege that they suffered damages as a result of fraud. *General Motors Acceptance Corp.*, 773 F.2d at 778. In this instance, plaintiffs have not alleged that they have sustained damages, let alone that their damages were proximately caused by the fraud.

For instance, the plaintiffs allege that "[c]ontrary to Plaintiffs' prior understanding, the interest rate on the loan with First Franklin had an initial rate of 6.8500 percent, but was subject to change on February 1, 2009 and every six months thereafter." (Compl. at ¶ 23.) They also allege that "Plaintiffs were highly unlikely to not be able to make the payments after the six month rate adjustments took effect commencing February 1, 2009." (Compl. at ¶ 27.) Clearly, plaintiffs admit in their complaint that the loan that they obtained had not yet adjusted, as the

1173281.1

interest rate was to adjust in the future, on February 1, 2009. In addition, plaintiffs do not allege that they are not currently making their payments, or that they have failed to make payments, but rather, that in the future, on February 1, 2009, they were *highly unlikely* to make their payments.

Plaintiffs also allege that defendants "caused Plaintiffs' already poor financial situation to in fact force them into bankruptcy and subjecting them to the loss of their home." (Compl. at ¶ 33.) Again, plaintiffs do not allege that they have already lost their home, but rather, that this may occur in the future. In addition, since the interest rate on the loan does not change until February 1, 2009, plaintiffs make it clear in their complaint that this future event could not have forced plaintiffs into bankruptcy. In essence, there is no "loss causation." *See Martin v. Heinhold Commodities, Inc.*, 163 Ill.2d 33, 60, 643 N.E.2d 734, 747 (Ill. 1994) (holding that under the ICFA, plaintiffs must prove "loss causation" in order to recover damages). Plaintiffs' complaint also admits that the rate obtained by defendants of 6.85 percent was lower (better) than the rate on the loan they had with GMAC Bank which they sought to re-finance, which was 7.750 percent. (Compl. at ¶ 12.)

These allegations allude only to damages which may or may not occur when the interest rate changes on February 1, 2009. Plaintiffs Complaint sets forth they have ***not*** suffered any damages to date caused by the alleged fraud, but only that they may suffer damages in the future. Here, the plaintiffs have plead themselves out of court since they have not sustained any damages. *See Walker v. S.W.I.F.T.*, 491 F.Supp.2d 781, 787 (N.D. Ill. 2007) ("If a complaint includes fact that undermine its own allegations, a plaintiff can plead herself out of court.") Therefore, the alleged fraud could not have proximately resulted in any damages. Thus, plaintiffs have failed to state a claim under the ICFA and for Fraud in the Inducement as they

1173281.1

have failed to allege that they have suffered damages which were proximately caused by the fraud, and their Complaint must be dismissed.

## CONCLUSION

Plaintiffs' have failed to plead their claims for fraud with the requisite particularity required by Fed. R. Civ. P. 9(b). In addition, plaintiffs' claim for Fraud in the Inducement fails since there is no justifiable reliance. Further, plaintiffs' have failed to state a claim pursuant to the ICFA and for Fraud in the Inducement since they have not alleged damages proximately caused by the fraud.

For all of the reasons detailed above, Defendant, Flagship Mortgage Corp. respectfully requests that its Motion to Dismiss be granted and that this Court enter and Order dismissing Plaintiffs' Complaint in its entirety with prejudice.


                                                           */s/ Paige M. Neel*
                                                         PAIGE M. NEEL
                                                         CLAUSEN MILLER P.C.


JOHN M. HYNES
ARDC # 3125659
PAIGE M. NEEL
ARDC # 6279324
CLAUSEN MILLER P.C.
Firm I.D. No. 90181
10 South LaSalle Street
Chicago, Illinois 60603-1098
312/855-1010
Attorneys for Defendant, Flagship Mortgage Corp.

1173281.1

## NOTICE OF ELECTRONIC FILING AND CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of March, 2008, the foregoing **Defendant Flagship Mortgage Corp.'s Memorandum of Law in Support of its Motion to Dismiss Pursuant to 12(b)(6)** was electronically filed with the Clerk of the Court using CM/ECF system which sent notification of such filing to the parties who are registered participants with the System and hereby certify that copies were mailed to any non-CM/ECF participants:

/s/*Paige M. Neel*
Paige M. Neel

1173281.1