IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD F. WEINBERG | ) | |
| ILYNE R. WEINBERG | ) | |
| | ) | 08 C 663 |
| **Plaintiffs** | ) | |
| | ) | **Judge:  Holderman** |
| V. | ) | **Magistrate Judge Keys** |
| | ) | |
| FIRST FRANKLIN FINANCIAL CORP. | ) | |
| FLAGSHIP MORTGAGE CORP. | ) | |
| | ) | |
| **Defendants** | ) | |

### PLAINTIFFS' RESPONSE TO FLAGSHIP MORTGAGE CORP'S MOTION TO DISMISS PURSUANT TO 12(b)(6)

Now comes Edward F. Weinberg and Ilyne R. Weinberg ("Plaintiffs"), by and through their attorney, David P. Leibowitz of Leibowitz Law Center, in response to Flagship Mortgage Corp.'s Motion To Dismiss Pursuant To 12(B)(6) and requests that this Court deny Defendant's Motion to Dismiss for the reasons set forth herein.

### INTRODUCTION TO ARGUMENT

Plaintiffs filed a Complaint on January 30, 2008 against First Franklin Financial Corporation and Flagship Mortgage Corporation pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFPA") and for Fraud in the Inducement based on misrepresentations made in connection with the refinancing of their mortgage on their home at 513 Pine, Deerfield, Illinois 60015 (the "Property").  Flagship Mortgage Corporation (hereafter referred to as

Defendant") filed a Motion to Dismiss Pursuant to 12(B)(6).  Plaintiffs now file their response.

**ARGUMENT**

**I.     LEGAL STANDARD**

A complaint filed in federal court need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Equal Employment Opportunity Commission v. Centra Health Services, Incorporated*, 496 F.3d 773, 776 (7th Cir. 2007).  First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the ...claim is and the grounds upon which it rests.  *Id.,* citing *Bell Atlantic Corp. v. Twombly,* – U.S. –; 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).  Second, the complaint must plausibly suggest that the plaintiff has a right to relief, raising that possibility above "speculative level."  *Id.,* citing *Bell Atlantic Corp. v. Twombly,* – U.S. –; 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint.  *Iosello v. Leiblys, Inc.,* 502 F.Supp.2d. 782,783 (N.D.Ill 2007).  *BCWC LLC v. Reading Rock, Inc.,* 2007 WL 2955573 (N.D.Ill. 2007).  Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a cause of action."  *Id*.  The Court in *Iosello* further explained that "(a)t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are

consistent with the complaint and that matching facts against legal elements comes later." *Id.* at 784, quoting *Sanjuan v. Amer. Bd. Of Psychiatry and Neurolgy, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994).   In fact, the plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Id.,* citing *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

In ruling on a motion to dismiss, the court may consider allegations of the complaint, as well as documents attached to or specifically referenced in the complaint.  *BCWC LLC v. Reading Rock, Inc.*, 2007 WL 2955573 (N.D.Ill. 2007); *Vincent v. Ameriquest Mortgage Company*, 381 B.R. 564, 569 (Bankr. D. Mass. 2008), citing *Bedall v. State Street Bank and Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998).

## II. PLAINTIFFS' FRAUD CLAIMS ARE ASSERTED WITH SUFFICIENT PARTICULARITY UNDER FED. R. CIV. P. 9(b)

Defendant argues that Plaintiffs have failed to plead Count 1 (ICFPA) and Count II (Fraud in the Inducement) with particularity as required by Rule 9(B).  On the contrary, Plaintiffs' fraud claims easily meet the federal pleading standards.

Rule 9(b) of the F.R.C.P. requires a plaintiff to plead with particularity the factual basis for averments of fraud, including "the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Stephenson v. Hartford Life and Annuity Ins. Co, et.al,* 2004 WL 2260616 at * 7 (N.D.Ill. 2004), citing *General Electric Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1078 (7th Cir. 1997).  The Court in *Stephenson* explained that "(p)ut simply, Rule 9(b) particularity 'means the who, what, when, where and how; the first paragraph of

any newspaper story.'"  *Stephenson, supra*, citing *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).  In *Stephenson* the Court found that the plaintiff's allegations were pled with sufficient particulars "to give defendants a meaningful opportunity to respond."  *Stephenson, supra*, at * 7.

In order to meet the requirements of Rule 9(b), plaintiffs are not required to recite the exact words nor must they identify the exact date of their conversations and the identity of the Defendant's employees when those facts are already known to the Defendant from the loan application and corresponding file numbers contained therein.  *Vincent v. Ameriquest Mortgage Company*, 381 B.R. 564, 574 (Bankr. D. Mass. 2008).

In regard to claims based on a course of fraudulent conduct, "(r)ule 9(b) mandates only that the *circumstances* constituting fraud be stated with particularity.  If those circumstances are well and particularly pleaded, it would saddle plaintiffs with an inordinate burden to require that the depth and breadth of the collusion must also be set out in detail."  *Martinez v. Freedom Mortg. Team, Inc.,* 527 F.Supp.2d 827, 839 (N.D. Ill. 2007).

Contrary to Defendant's allegations, "while a complaint made pursuant to the ICFA "must be pled with the same specificity as that required under common law fraud...the ICFA does not require a plaintiff to show actual reliance or diligence in ascertaining the accuracy of misstatements".  *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir. 2005),  citing *Elson v. State Farm Fire & Cas. Co.,* 295 Ill.App.3d 1 (Ill. App. 1998), *Zimmerman v. Northfield Real Estate, Inc.,* 510 N.E.2d 409, 417-18 (Ill. App. 1986).

Furthermore, dismissal is premature on the basis of Rule 9(b) and courts allow plaintiffs a chance to amend a complaint to cure what appears to be a merely technical pleading deficiency under Rule 9(b).  *Emery v. American General Finance, Inc.* 71 F.3d 1343, 1348 (7th Cir. 1995).

In Count I of their Complaint Plaintiffs assert that Defendants violated the ICFA.  The elements of a claim under the ICFA (815 ILCS 505/2) are: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce.  *Robinson v. Toyota Motor Credit Corp., 201 Ill. 2d. 403, 417, 266 Ill. Dec. 879, 775; N.E.2d 951, 960 (Illinois 2002); Martinez v. Freedom Mortg. Team, Inc., 527 F.Supp.2d 827, 836-837 (N.D. Ill. 2007).*  Recovery may be had for unfair as well as deceptive conduct.  *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d. at 417.

The Illinois Supreme Court in *Robinson* stated that in determining whether a given course of conduct or act is unfair, the Court observes that the Consumer Fraud Act mandates that "consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d. 403, 417, 266 Ill. Dec. 879, 775; N.E.2d 951, 960 (Illinois 2002); *Martinez v. Freedom Mortg. Team, Inc., 527 F. Supp. 827, 837-838 (N.D.Ill., 2007).*  The Court stated that these factors are (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers.  *Id.* at 201 Ill. 2d. at 417-418, citing *Federal Trade Comm'n v.*

*Sperry & Hutchinson Co.,* 405 U.S  233, 244 n. 5; 92 S.Ct. 898, 905, n. 5; 31 L.Ed. 2d 170, 179 n. 5 (1972).   However, all three of the criteria in *Sperry* do not need to be satisfied to support a finding of unfairness.  *Robinson*, 201 Ill. 2d at 418, citing *Chesire Mortgage Service Inc. v. Montes*, 223 Conn. 80, 106, 612 A.2d 1130, 1143 (Conn. 1992).   A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three.  *Id.*  The Illinois Supreme Court in *Robinson* adopted the standard expressed by the Connecticut Supreme Court in *Cheshire.  Id.*

### A.  Deceptive Trade or Practice

The facts asserting that Flagship Mortgage undertook a deceptive act or practice are contained in paragraphs 14-23 and 25-30 of the Complaint. Paragraph 31 incorporates by reference paragraphs 1 through 30.  (Compl. at ¶ 31.)  The Complaint contains very specific allegations that Plaintiffs applied for a fixed rate mortgage and Defendant sold them an adjustable rate mortgage. (Comp. at ¶¶16, 22).  Flagship Mortgage through its employee Mitch Horwitz substantially overstated Plaintiffs' income and misrepresented the value of the Property in order to qualify them for a  loan he knew they could not afford and for which he knew they would not qualify but for the misrepresentations Mitch Horwitz made. (Compl. at ¶ 33.)

Plaintiffs plead that on or about January 3, 2007 Plaintiffs had a telephone interview with Mitch Horwitz, an employee of Flagship Mortgage and Mitch Horwitz completed a Uniform Residential Loan Application ("Loan Application").  (Compl. at ¶ 15.)  The Complaint states that on or about January 3, 2007 Plaintiffs applied

6

for a fixed rate loan and ended up with an Adjustable Rate Note that was subject to adjustment on February 1, 2009 and every six months thereafter.  (Compl. at ¶ ¶16, 23.)

Plaintiffs assert that the Loan Application substantially overstated that Plaintiff Ilyne R. Weinberg's income was $90,000 per year when her federal income tax returns for 2006 show that her income was $40,248.  (Compl. at ¶ 17.)  Plaintiffs assert that the Loan Application states that Edward F. Weinberg's income is $15,000 when in fact Mr. Weinberg never represented such income to Flagship Mortgage. (Compl. at ¶ 17.)  The Complaint states that the Loan Application listed the market value of the Property to be $520,000 when the fair market value of the Property was $450,000 as shown in an appraisal in December, 2007.   (Compl. at ¶ 18.)

Plaintiffs state that Flagship Mortgage conspired with First Franklin to do a bait and switch of the mortgage Plaintiffs applied for and what was actually presented to them at the closing.  (Compl. at ¶ 26.)  The terms of the adjustable rate mortgage Plaintiffs actually received were such that they were highly not likely to afford the payments after the six month adjustments took effect commencing February 1, 2009. (Compl. at ¶ 27.)

**B.  Defendant's Intent That Plaintiffs Rely on the Deception**

The facts asserting that Flagship Mortgage intended that Plaintiffs rely on the deception are contained in paragraph 22, 23, and 33.  Plaintiffs have stated that at the closing Plaintiffs were first presented with a mortgage that secured an Adjustable Rate Note with terms substantially different than what was previously

represented to them.  (Compl. at ¶¶ 22, 23, and 26.)  Obviously, Flagship Mortgage intended that Plaintiffs rely on the deception by arranging for the loan documents at the closing to be substantially different than the loan for which Plaintiffs applied, and which was based on false income and property value information.  Flagship Mortgage intended that Plaintiffs sign the loan documents and close the transaction even though the loan was not the loan for which Plaintiffs had applied, and was based on false information.

The third element if the ICFA claim, that the occurrence of the deception occurred in trade or commerce is evidenced by references to the HUD-1 Settlement Statement that is referenced in the Complaint.  (Compl. at ¶ 25.) Defendant is not disputing this element.

Plaintiffs have pled the "who, what, when, where and how," giving Defendants sufficient particulars to give them a meaningful opportunity to respond to Count I and Count II.

### III.    PLAINTIFFS HAVE STATED A CLAIM FOR FRAUD IN THE INDUCEMENT

This diversity suit is governed by Illinois law and to succeed in an action for fraud under Illinois law a plaintiff must prove:  (1) that the defendant made false statements of material fact, (2) knowing that they were false, and (3) intending that the plaintiff would rely on them, (4) that plaintiff did rely, (5) that this reliance was justified, and that (6) plaintiff suffered damage as a result.  *GMAC v. Central Bank of Matttoon, 773 F.2d 771, 778 (7th Cir. 1985);  Martinez v. Freedom Mortg. Team, Inc., 527 F. Supp. at  837, citing Soules v. Gen. Motors Corp., 79 Ill.2d 282, 286, 37 Ill. Dec. 597, 402 N.E.2d 599, 601 (Ill. 1980)*.  Fraud may be based on failure to

disclose, which together with an affirmative statement or act is misleading.  *GMAC v. Central Bank of Matttoon*, 773 F.2d at 778.

### A.  Defendant made false statements of material fact knowing that they were false

Misrepresentations are deemed "material" if plaintiff would have acted differently had the truth been known or if the misrepresentation concerned the type of information upon which plaintiff would be expected to rely.  *Martinez v. Freedom Mortg. Team, Inc.,* 527 F. Supp. at 837.  A party will often have no direct evidence of fraudulent intent, and circumstantial evidence may give rise to an inference of it.  *Firstar Bank v. Faul Chevrolet, Inc.,* 249 F. Supp. 2d 1029, 1044  (N.D. Ill. 2003); *Chicago Title and Trust,* 73 Ill. Dec. 626, 633; 454 N.E.2d 723, 730 (Ill. App. 1Dist., 1983).

In *Martinez* the plaintiff alleged that the defendants defrauded him by misrepresenting to him that he qualified for a loan he received, when in fact they had inflated his income and inflated the appraised value of the property. *Martinez v. Freedom Mortg. Team, Inc.,* 527 F. Supp. at 837. The Court denied the motion to dismiss the fraud claim in *Martinez* and found that the misrepresentations were material because if the plaintiff had been apprised that his actual financial circumstances would not suffice to support repayment of the improperly inflated loan, that information surely would have been highly material in his decision whether or not to proceed with the loan.  *Id.*

In December of 2006 Plaintiffs contacted Flagship Mortgage and were advised that Flagship Mortgage could arrange for a refinancing of Plaintiffs' mortgage to a new mortgage with more favorable terms that would assist

Plaintiffs with their difficult financial situation.  (Compl. at ¶ ¶ 13-15, 36-37.)   Mitch Horwitz, an employee of Flagship Mortgage, conducted the telephone interview with Plaintiffs and completed Plaintiffs' Loan Application.  (Compl. at ¶ 15.)  The Loan Application misrepresented Plaintiffs' income and the market value of the Property.  (Compl. at ¶ ¶ 17-18.)  Plaintiffs have pled sufficient evidence that Defendant made false statements of material fact knowing that they were false.

### B.   Defendant intended that plaintiffs rely on the false statements, they did rely and this reliance was justified

Defendant falsely told Plaintiffs they would financially benefit from the refinance with First Franklin.  (Compl. at ¶ 20.)  Defendant falsely told them they had qualified for the loan with First Franklin, when the loan was based on information Defendant falsified regarding Plaintiffs' income and the value of the Property.  (Compl. at ¶¶ 17-20.)  Defendant told Plaintiffs they would receive an amount of cash at closing in an amount much larger than the $880.84 they actually received.  I(Compl. at ¶ 25.)  Plaintiffs did not receive the closing documents in advance of the closing, were rushed to sign, and not given adequate time to review the documents.  (Compl. at ¶  28.)  At closing Plaintiffs were presented with a loan that was different than what they were promised.  (Compl. at ¶¶ 22-23.)  Defendant intended that Plaintiffs rely on all the misrepresentations by selling them a loan at closing that was not the loan for which Plaintiffs applied.  (Compl. at ¶¶ 23, 25-26.)  Plaintiffs did rely on the representations of Defendant that the refinanced loan with First Franklin would be of financial benefit to them, and that they had qualified for the loan for which

they applied, as evidenced by the fact that they signed the documents despite not being given adequate time to review them.  (Compl. at ¶¶ 28-29.)  Plaintiffs had no reason to believe that they could not trust Defendant and their reliance was justified. (Compl. at ¶¶ 28-29.)

In its Motion to Dismiss Flagship Mortgage argues that Plaintiffs have not sufficiently pled justifiable reliance because "(c)learly , they could have discovered the alleged misrepresentations by simply reading the loan documents, and them made the choice not to sign the loan."  (Mot. To Dismiss at p. 11.) Flagship Mortgage claims that its conduct does not amount to fraud but "rather to plaintiffs failure to use ordinary prudence."  (Mot. To Dismiss at p. 12.)   Defendant seeks to escape any liability for its misrepresentations in connection with this loan transaction by blaming the plaintiffs for not discovering the fraud before the closing.

Ilinois courts recognize that justification of reliance "is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case rather than the application of a community standard in all cases. *Firstar Bank v. Faul Chevrolet, Inc.*, 249 F. Supp. 2d 1029, 1045 (N.D. Ill. 2003), citing comment b of Section 545A of the *Restatement (Second) of Torts* and *Chicago Title and Trust,* 73 Ill. Dec. 626, 632; 454 N.E.2d 723, 729 (Ill. App. 1Dist., 1983).  The Court in *Chicago Title* stated "a defendant that has knowingly made false representations and knows the other to other to be misled 'cannot escape the legal consequences of his fraudulent conduct by saying that the fraud might have been discovered had the party whom he deceived exercised reasonable

11

diligence and care.'" *Firstar Bank v. Faul Chevrolet, Inc.,* 249 F. Supp. 2d 1029,

1045-1046 (N.D. Ill. 2003), citing *Chicago Title and Trust,* 73 Ill. Dec. 626; 454 N.E.2d

723, 728 (Ill. App. 1Dist., 1983).

Whether a plaintiff's reliance was reasonable under the circumstances is

generally a question of fact.  *Firstar Bank v. Faul Chevrolet, Inc.,* 249 F. Supp. 2d

1029, 1045 (N.D. Ill. 2003).     In this case Plaintiff Ed Weinberg had severe health

problems and Plaintiffs were under extreme financial difficulty.  (Compl. at ¶11.)

They did not receive the loan documents prior to the closing and were rushed

through signing the documents.    (Compl. at ¶28.)  In these circumstances,

Plaintiffs' reliance on the professional expertise of the Defendants was justified.

For purposes of Rule 12(b)(6) the Court should accept these facts as true,

and should find that Plaintiffs have sufficiently pled justifiable reliance on the

representations of Flagship Mortgage that the refinance would be of financial

benefit to Plaintiffs.   *BCWC LLC v. Reading Rock, Inc.,* 2007 WL 2955573 *4 (N.D. Ill.

2007).

## IV.    PLAINTIFFS HAVE SUFFICIENTLY ALLEGED DAMAGES PROXIMATELY CAUSED BY THE FRAUD

In its Motion to Dismiss, Defendant states that "(p)laintiffs Complaint sets

forth they have not suffered any damages to date caused by the alleged fraud,

but only that they may suffer damages in the future." (Mot. To Dismiss p. 14.)  In

*Martinez* the Court discussed the issue of damages resulting from the plaintiff

being "stuck in a loan that he did not want and may not be able to pay."  527

F.Supp. 2d at 838.  The Court found sufficient allegations of damage to withstand

the motion to dismiss and states ""(i)nducing a borrower to agree to a mortgage

after both the terms of the mortgage and his qualification for the loan have been thus misrepresented causes injury to the borrower." *Id.*

Under Illinois law fraud need only be the proximate cause and not the sole cause of plaintiff's loss. *GMAC v. Central Bank of Matttoon*, 773 F.2d 771, 781 (7th Cir. 1985). Clearly, the misrepresentations made by Defendant are a proximate cause of Plaintiffs' current obligation on an adjustable rate mortgage with First Franklin, which mortgage is not the mortgage for which they applied and which is based on false information provided by Defendant in Plaintiffs' Loan Application.

### CONCLUSION

For all of the foregoing reasons, Defendants' Motion to Dismiss should be denied in its entirety. However, if this Court determines that any of the challenged Counts fail to state a claim, Plaintiff hereby seeks leave to amend the Complaint.

Respectfully submitted by:

/s/ David P. Leibowitz
Attorney for Plaintiffs

David P. Leibowitz -Attorney I.D. No. 1612271
Diane B. Gordon – Attorney I.D. No.  6202185
Leibowitz Law Center
420 W. Clayton Street
Waukegan, IL 60085
847.249.9100

13