28-9211-00-5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD F. WEINBERG, ILYNE R. WEINBERG, | ) ) | |
| Plaintiff(s) | ) ) | No. 08 C 663 |
| v. | ) ) | Judge: Holderman |
| | ) | Magistrate Judge Keys |
| FIRST FRANKLIN FINANCIAL CORP., FLAGSHIP MORTGAGE CORP. | ) ) | Jury Trial Demanded |
| | ) | |
| Defendant(s) | ) | |

**FLAGSHIP MORTGAGE CORP.'S
ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES, FLAGSHIP MORTGAGE CORP., by and through its attorneys, JOHN M. HYNES, PAIGE M. NEEL and CLAUSEN MILLER P.C. and for its Answer and Affirmative Defenses to Plaintiffs' Complaint, states as follows:

**JURISDICTION**

1. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1332, diversity of citizenship of the parties. The matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. § 1332.

**ANSWER:** **Defendant admits only that plaintiff purports to bring this action pursuant to 28 U.S.C. § 1332. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 1 of Plaintiffs' Complaint at law.**

**CITIZENSHIP OF THE PARTIES**

2. The Plaintiffs, Edward F. Weinberg and Ilyne R. Weinberg ("Plaintiffs"), are natural persons residing at 513 Pine, Deerfield, Illinois 60015 (the "Property"). Plaintiffs are citizens of the State of Illinois. Plaintiffs are domiciled in the State of Illinois.

**ANSWER:** **Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 2 of Plaintiffs' Complaint at law.**

3.     Defendant First Franklin is a corporation incorporated under the laws of the State of Delaware having its principal place of business in the State of California. Defendant First Franklin is a citizen of the State of California.

**ANSWER:** **Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 3 of Plaintiffs' Complaint at law.**

4.     Defendant Flagship Mortgage is a corporation incorporated under the laws of the State of Ohio having its principal place of business in the State of Ohio. Defendant Flagship Mortgage is a citizen of the State of Ohio.

**ANSWER:** **Defendant admits the allegations as set forth in paragraph 4 of Plaintiffs' Complaint at law.**

## SERVICE OF PROCESS

5.     Defendant First Franklin is a Delaware corporation organized and existing under the laws of the State of Delaware and may be served with process by and through its registered agent CT Corporation System located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

**ANSWER:** **Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 5 of Plaintiffs' Complaint at law.**

6.     Defendant Flagship Mortgage is an Ohio corporation organized and existing under the laws of the State of Ohio and may be served with process by and through its registered agent Nicholas J. Lagattuta located at 1515 Woodfield Avenue, #880, Schaumburg, Illinois 60173.

**ANSWER:** **Defendant admits the allegations as set forth in paragraph 6 of Plaintiffs' Complaint at law.**

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. At the time of the filing of this Complaint, Debtors owned the Property located at 513 Pine, Deerfield, Illinois 60015.

**ANSWER:** **Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 7 of Plaintiffs' Complaint at law.**

8. At all relevant times herein, Flagship Mortgage was agent for its principal First Franklin. Beginning in December 2006, Flagship Mortgage was the broker for the refinancing of Plaintiffs' mortgage on the Property. At all relevant times, First Franklin was the lender for Plaintiffs' refinanced loan and mortgage on the Property.

**ANSWER:** **Defendant admits that beginning in December 2006, Flagship Mortgage was the broker for the refinancing of Plaintiffs' mortgage and that First Franklin was the lender for Plaintiffs' refinanced loan and mortgage on the property at all relevant times, but does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of Plaintiffs' Complaint at Law.**

9. At all relevant times herein, First Franklin and its agent Flagship Mortgage were doing business at 3701 Algonquin Road, #309, Rolling Meadows, Illinois 60008. As such, First Franklin and Flagship Mortgage are subject to jurisdiction and venue of this Court.

**ANSWER:** **Defendant denies that it was doing business at 3701 Algonquin Road, #309, Rolling Meadows, Illinois 60008. Answering further Defendant states that it was doing business at 3701 Algonquin Road, *#390* Rolling Meadows, Illinois 60008. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 9 of Plaintiffs' Complaint at law.**

10. In December of 2006, Plaintiffs contacted Flagship Mortgage by telephone in response to a radio advertisement offering favorable interest rates for the refinancing of real estate mortgages.

**ANSWER:** **Defendant admits that at some point in December 2006 Plaintiff Ed Weinberg contacted it by telephone. Defendant does not have knowledge or**

3

1170137.1

> information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 10 of Plaintiffs' Complaint at law.

11. For several years prior to December of 2006, Edward F. Weinberg had severe health problems, Plaintiffs were in extreme financial difficulty and were looking to refinance their mortgage in order to reduce their monthly payments and obtain cash out of the equity he had in their Property.

**ANSWER:** Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 11 of Plaintiffs' Complaint at law.

12. In December of 2006, Plaintiffs' Property was secured by a mortgage with GMAC Bank, and Plaintiffs' loan with GMAC Bank had a fixed rate of interest at 7.750 percent yearly on the unpaid principal of the loan.

**ANSWER:** Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph 12 of Plaintiffs' Complaint at law.

13. In December of 2006 Plaintiffs contacted Flagship Mortgage to inquire about whether Flagship Mortgage could assist Plaintiffs in refinancing their mortgage with GMAC Bank to a loan with more favorable terms.

**ANSWER:** Defendant admits that on or around December of 2006 Plaintiffs contacted it to inquire about refinancing their mortgage. Defendant denies the remaining allegations as set forth in paragraph 13 of Plaintiffs' Complaint at law.

14. Flagship Mortgage by its agents or representatives, advised Plaintiffs that it could arrange for a refinancing of Plaintiffs' mortgage with GMAC Bank to a new mortgage with new favorable terms that would assist Plaintiffs with their difficult financial situation.

**ANSWER:** Defendant admits only that it agreed to act as broker to refinance Plaintiffs' mortgage. Defendant denies the remaining allegations as set forth in paragraph 14 of Plaintiffs' Complaint at law.

15. On or about January 3, 2007, Plaintiffs had a telephone interview with Mitch Horwitz, an employee of Flagship Mortgage and agent of First Franklin, and Mitch Horwitz completed a Uniform Residential Loan Application (the "Loan Application") for Plaintiffs.

**ANSWER:** **Defendant admits that in December of 2006 Mitch Horwitz had a telephone conversation with Plaintiff Ed Weinberg during which Plaintiff supplied Mitch Horwitz with information to complete the initial Uniform Residential Loan Application. Defendant denies that this telephone conversation occurred on or about January 3, 2007. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 15 of Plaintiffs' Complaint at law.**

16. The Loan Application completed by Mitch Horwitz states that Plaintiffs applied for a conventional mortgage in the amount of $416,000 at a fixed rate of interest of 6.875%.

**ANSWER:** **Defendant admits that the Loan Application states that Plaintiffs applied for a conventional mortgage in the amount of $ 416,000 at a fixed rate of interest of 6.875%. Answering further, Defendant states that this loan application only had the boxes by the terms "conventional" and "fixed rate" checked as said terms were set as default in the computer program that Defendant used during the relevant time period. Defendant fully disclosed the terms and conditions of the mortgage loan to the Plaintiffs and also supplied Plaintiff Ed Weinberg with documentation indicating that the mortgage was an adjustable rate mortgage. Defendant also denies said allegation to the extant that it is inconsistent with the provisions and terms of the Loan Application in its entirety or misconstrues said provisions and terms.**

17. The Loan Application contains a section entitled Employment Information. The Loan Application substantially overstated the income of both Plaintiffs by several thousands of dollars. The Loan Application states that Plaintiff Ilyne R. Weinberg's income was $7500.00 per month, or $90,000.00 per year, when in fact Plaintiff's Federal Income Tax Returns for 2006 show that Ilyne R. Weinberg's gross income for 2006 was $40,258.00. The Loan Application also overstated the income of Edward F. Weinberg by several thousands of dollars. The Loan Application states that the income for Edward F. Weinberg is $15,000 per month, when in fact, Edward F. Weinberg never represented to Flagship Mortgage that he had such income. The Loan Application that Plaintiffs signed inflated their income above that which they reported to

5

Flagship Mortgage and completely fabricated the amount of income, which fact Plaintiffs did not realize until after they were able to review the documents later.

**ANSWER:** **Defendant admits only that the Uniform Residential Loan Application dated December 14, 2006 contains an Employment Information section identifying the borrower Ed Weinberg's monthly base income as $15,000 and the co-borrower's monthly income as $7,500. Answering further Defendant states that this information was supplied by Plaintiffs. Defendant denies the remaining allegations as set forth in paragraph 17 of Plaintiffs' Complaint at law. Further, Defendant also denies said allegation to the extent that it is inconsistent with the provisions and terms of the Loan Application in its entirety or misconstrues said provisions and terms.**

18. The Loan Application contains a section stating a Schedule of Real Estate Owned. The Loan Application lists the Property and states a "present market value" in an amount that misrepresented the market value of the Property by overstating the Property's market value by several thousands of dollars. The Loan Application lists the market value of the Property at $520,000, when in fact an appraisal of the Property in December 2007 shows that the fair market value of the Property was $450,000 and upon information and belief, the fair market value of the property in December of 2006 was also $450,000.

**ANSWER:** **Defendant admits that the initial Uniform Residential Loan Application dated December 14, 2006 contains a section stating a Schedule of Real Estate Owned which lists the market value of the Property at $520,000. Defendant denies the remaining allegations as set forth in paragraph 18 of Plaintiffs' Complaint at law. Defendant also denies said allegation to the extant that it is inconsistent with the provisions and terms of the Loan Application in its entirety or misconstrues said provisions and terms.**

19. Flagship Mortgage, acting as agent for First Franklin, arranged for Plaintiffs to refinance their mortgage with First Franklin as the lender.

**ANSWER:** **Defendant admits that it arranged for Plaintiffs to refinance their mortgage with First Franklin as the lender. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as set forth in paragraph 19 of Plaintiffs' Complaint at law.**

6

1170137.1

20. Plaintiffs agreed to refinance their mortgage with First Franklin based on the representations of Flagship Mortgage that the refinance with First Franklin would be financially beneficial to Plaintiffs.

**ANSWER:** **Defendant denies the allegations as set forth in paragraph 20 of Plaintiffs' Complaint at law.**

21. The closing on the Transaction was set to take place on January 3, 2007. At the closing, Plaintiffs were not represented by an attorney.

**ANSWER:** **Defendant admits the allegations as set forth in paragraph 21 of Plaintiffs' Complaint at law. Answering further, Plaintiffs had the right to representation by an attorney but chose not to exercise this right.**

22. At the closing, Plaintiffs were first presented with a mortgage that in fact secured an Adjustable Rate Note with terms substantially different that what was represented by Flagship Mortgage as agent for First Franklin and for which Plaintiffs applied.

**ANSWER:** **Defendant denies the allegations as set forth in paragraph 22 of Plaintiffs' Complaint at law.**

23. Contrary to Plaintiffs' prior understanding, the interest rate on the loan with First Franklin had an initial rate of 6.8500 percent, but was subject to change on February 1, 2009 and every six months thereafter. Pursuant to Plaintiffs' Adjustable Rate Note with First Franklin, the interest rate they would be required to pay on the first date at which the interest rate would change would be not greater than 9.8500 percent or less than 6.8500 percent. The Adjustable Rate Note states that after the first change date, the interest rate will never increase or decrease on any change date by more than one percentage point from the rate of interest Plaintiffs had been paying for the proceeding six months, and that the interest rate will never be greater than 12.8500 percent nor less than 6.8500 percent.

**ANSWER:** **Defendant denies that it did not disclose to Plaintiffs the terms and conditions of their mortgage and adjustable rate note. Defendant admits the remaining allegations as set forth in paragraph 23 of Plaintiffs' Complaint at**

> law. Answering further, Defendant states that the above allegation contains only portions of the terms and conditions of the adjustable rate note and does not set forth the portions exactly as set forth in the note. Defendant denies said allegation to the extant that it is inconsistent with the provisions and terms of the Loan Application in its entirety or misconstrues said provisions and terms.

24. As part of the Transaction, First Franklin retained a security interest in the Property.

**ANSWER:** **Defendant admits the allegations as set forth in paragraph 24 of Plaintiffs' Complaint at law.**

25. The HUD-1 Settlement Statement for the Transaction shows that Plaintiffs received cash at the closing in the amount of $880.84, which amount was substantially less than what was told to them by Flagship Mortgage as agent for First Franklin.

**ANSWER:** **Defendant denies the allegations as set forth in paragraph 25 of Plaintiffs' Complaint at law.**

26. Flagship Mortgage and First Franklin conspired to do a bait and switch of the mortgage Plaintiffs applied for and what was actually presented to them at the closing of the Transaction. The mortgage loan that Plaintiffs ended up with is an adjustable rate mortgage that has potential to have much higher payments, which Plaintiffs did not know until after they were able to review the documents later.

**ANSWER:** **Defendant denies the allegations as set forth in paragraph 26 of Plaintiffs' Complaint at law.**

27. The terms of the Adjustable Rate Mortgage sold to Plaintiffs were such that Plaintiffs were highly likely not to be able to make the payments after the six month rate adjustments took effect commencing February 1, 2009.

**ANSWER:** **Defendant denies the allegations as set forth in paragraph 27 of Plaintiffs' Complaint at law.**

1170137.1

28. Plaintiffs did not receive the closing documents prior to the closing and at the closing, Plaintiffs were rushed through signing the documents and did not have time to adequately review each document.

**ANSWER:** **Defendant denies the allegations as set forth in paragraph 28 of Plaintiffs' Complaint at law.**

29. Plaintiffs did not have any reason to suspect that the documents which they would be signing at closing would differ in any way from the previous estimates they have been provided by Flagship Mortgage as agent for First Franklin.

**ANSWER:** **Defendant denies the allegations as set forth in paragraph 29 of Plaintiffs' Complaint at law.**

30. First Franklin failed to deliver to each of the Plaintiffs all material disclosures required by the Truth in Lending Act and Regulation Z, including but not limited to, an ARM brochure when the application form was given to the Plaintiffs or before the Plaintiffs paid a nonrefundable fee whichever is earlier, as required by Reg. Z § 226.19(b). The ARM disclosure Plaintiffs received a closing recites that they received the booklet entitled Consumer Handbook on Adjustable Rate Mortgages ("CHARM brochure") when in fact they did not.

**ANSWER:** **Defendant denies the allegations as set forth in paragraph 30 of Plaintiffs' Complaint at law.**

## COUNT I

### Illinois Consumer Fraud and Deceptive Business Practices Act

31. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 30 as though fully set forth herein.

**ANSWER:** **Defendant restates and incorporates herein by reference its answers to paragraphs 1 through 30 as and for its answer to paragraph 31 as though fully set forth herein.**

1170137.1

32. Plaintiffs have a cause of action against Defendants under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). 815 ILCS 505. 815 ILCS 505/2 provides:

> "Unfair methods of competition and unfair and deceptive acts or practices, including but not limited to the use and employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act."

**ANSWER:** **Defendant denies the allegations as set forth in paragraph 32 of Plaintiffs' Complaint at law.**

33. Defendants participated in fraud, misrepresentation, and omission in material fact when Defendants (i) capitalized on Plaintiffs' vulnerable financial position by selling them a loan that had no economic benefit to Plaintiffs and which could not afford, and which would likely result in the loss of their home after two years; (ii) arranging for Flagship Mortgage to be paid exorbitant fees; (iii) falsely representing Plaintiffs' income in order to qualify them for a loan; (iv) falsely inflating the fair market value of the Property in order to qualify them for a loan; (v) causing Plaintiffs' already poor financial situation to in fact force them into bankruptcy and subjecting them to the loss of their home; and (vi) failing to provide all required material disclosures to Plaintiffs.

**ANSWER:** **Defendant denies the allegations as set forth in paragraph 33 of Plaintiffs' Complaint at law.**

1170137.1

34.     815 ILCS 505/10(a) allows Plaintiffs to bring this action for actual economic damages or any other relief which the court deems proper.

**ANSWER:     Defendant admits only that plaintiffs purport that 815 ILCS 505/10(a) allows them to bring an action for actual economic damages or any other relief this court deems proper but denies that Plaintiffs have a claim against them under 815 ILCS 505/10(a).**

WHEREFORE, Defendant, FLAGSHIP MORTGAGE CORP. denies that Plaintiffs are entitled to judgment in any amount whatsoever and requests judgment in their favor and for costs so wrongfully sustained.

## COUNT II

### Fraud in the Inducement

35.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1-30 as though fully set forth herein.

**ANSWER:     Defendant restates and incorporates herein by reference its answers to paragraphs 1 through 30 as and for its answer to paragraph 35 as though fully set forth herein.**

36.     Defendant Flagship Mortgage as agent for First Franklin advised Plaintiffs that it could obtain a refinance of their mortgage with more favorable terms, and in fact Flagship Mortgage fraudulently induced Plaintiffs to enter the transaction with First Franklin that was an adjustable rate note with no economic benefit to Plaintiffs.

**ANSWER:     Defendant denies the allegations as set forth in paragraph 36 of Plaintiffs' Complaint at law.**

37.     Defendant Flagship Mortgage as agent for First Franklin misrepresented material information regarding the transaction, including but not limited to, promising Plaintiffs mortgage terms that they had no intention of providing, increasing Plaintiffs interest rate due to the terms of the adjustable rate financing loan, inflating Plaintiffs' income on the loan application in order

to qualify them for a loan they could not afford, and inflating the market rate of the Property in order to qualify Plaintiffs for a loan they could not afford.

**ANSWER:** **Defendant denies the allegations as set forth in paragraph 37 of Plaintiffs' Complaint at law.**

38. Defendant Flagship Mortgage as agent for First Franklin, knew that the representations were false, or acted with reckless disregard to the truth.

**ANSWER:** **Defendant denies the allegations as set forth in paragraph 38 of Plaintiffs' Complaint at law.**

39. First Franklin and Flagship Mortgage knew or should have know of the lack of economic benefit from the loan package they presented to Plaintiffs. Flagship Mortgage and First Franklin knew or should have known of the deficiencies in the underwriting because it was their pattern and practice to acquire such loans.

**ANSWER:** **Defendant denies the allegations as set forth in paragraph 39 of Plaintiffs' Complaint at law.**

40. Representations regarding interest rates and terms of the loan were material facts which had been made by an employee of Flagship Mortgage as agent for First Franklin for the purpose of inducing Plaintiffs to accept the Transaction.

**ANSWER:** **Defendant denies the allegations as set forth in paragraph 40 of Plaintiffs' Complaint at law.**

41. These representations were known to be false by the employee of Flagship Mortgage as agent for First Franklin, but reasonably believed to be true by the Plaintiffs.

**ANSWER:** **Defendant denies the allegations as set forth in paragraph 41 of Plaintiffs' Complaint at law.**

42. Flagship Mortgage as agent for First Franklin, knowingly misrepresented material facts regarding interest rates at a time when, under certain circumstances where, there was a duty to disclose.

1170137.1

**ANSWER:**    **Defendant denies the allegations as set forth in paragraph 42 of Plaintiffs' Complaint at law.**

43.    Each of the acts and omissions of representation and concealment by the employee of Flagship Mortgage as agent for First Franklin to Plaintiffs were material to the transaction.

**ANSWER:**    **Defendant denies the allegations as set forth in paragraph 43 of Plaintiffs' Complaint at law.**

44.    Each of the acts and omissions of representation and concealment by the employee of Flagship Mortgage as agent for First Franklin to Plaintiffs were made with the intent of misleading Plaintiffs into relying upon it.

**ANSWER:**    **Defendant denies the allegations as set forth in paragraph 44 of Plaintiffs' Complaint at law.**

45.    Plaintiffs were justified in relying on the representations and a lack of any concealment, and did, in fact so rely in choosing Flagship Mortgage as its broker and First Franklin as its lender in this transaction.

**ANSWER:**    **Defendant denies the allegations as set forth in paragraph 45 of Plaintiffs' Complaint at law.**

46.    Flagship Mortgage and First Franklin benefited from Plaintiffs' reliance by causing Plaintiffs to enter into the transaction and by gaining additional profits resulting from Plaintiffs' reliance on the acts and omissions of Flagship Mortgage as agent for First Franklin.

**ANSWER:**    **Defendant denies the allegations as set forth in paragraph 46 of Plaintiffs' Complaint at law.**

47.    As a direct consequence of such reliance, Plaintiffs have suffered damages, past, present and future, including but not limited to, increased finance charges, excessive loan expenses and interest rates, loss of other credit opportunities, the loss of the benefit of their bargain, paying an excessive price for the refinance, excessive finance charges, damages to their

credit rating, mental anguish, humiliation, embarrassment and aggravation, together with costs and attorney's fees incurred in obtaining relief from the wrongful acts and omissions of Flagship Mortgage as agent for First Franklin.

**ANSWER:** **Defendant denies the allegations as set forth in paragraph 47 of Plaintiffs' Complaint at law.**

WHEREFORE, Defendant, FLAGSHIP MORTGAGE CORP. denies that Plaintiffs are entitled to judgment in any amount whatsoever and requests judgment in their favor and for costs so wrongfully sustained.

## AFFIRMATIVE DEFENSES

### Affirmative Defense
### Compliance with Truth In Lending Mandated Disclosures

1. Defendant complied with the disclosure requirements set forth in the Truth In Lending Act and the rules and regulations of said act and, as such, cannot be liable for Plaintiffs' alleged injuries.

WHEREFORE, Defendant, FLAGSHIP MORTGAGE CORP. denies that Plaintiffs are entitled to judgment in any amount whatsoever and requests judgment in their favor and for costs so wrongfully sustained.

### Affirmative Defense
### Consent/Acquiescence

1. Plaintiffs were given the opportunity to review the mortgage documentation and loan agreements.

2. Plaintiffs entered into the agreement with full knowledge of its terms and conditions and consented to said terms and conditions either expressly or through their conduct.

WHEREFORE, Defendant, FLAGSHIP MORTGAGE CORP. denies that Plaintiffs are entitled to judgment in any amount whatsoever and requests judgment in their favor and for costs so wrongfully sustained.

### Affirmative Defense
### Ratification/Affirmation

1. Plaintiffs had the option to reject or affirm mortgage agreement.

2. Plaintiffs affirmed the transaction by signing the loan documentation, despite any reservations they may have had at the time.

3. Plaintiffs also ratified/affirmed the transaction by receiving any benefits and distributions arising from the mortgage transaction.

4. Plaintiffs cannot thereafter reject the agreement and hold the Defendants liable for any loss occurring after they voluntarily entered into the transaction.

5. Plaintiffs were not under any incapacity at the time that they signed the mortgage documentation.

6. Plaintiffs knew or in the exercise of reasonable care should have known of their rights and the obligations as set forth under the mortgage agreement.

7. Defendant did not induce Plaintiffs to sign the loan agreement through any improper conduct.

WHEREFORE, Defendant, FLAGSHIP MORTGAGE CORP. denies that Plaintiffs are entitled to judgment in any amount whatsoever and requests judgment in their favor and for costs so wrongfully sustained.

### Affirmative Defense
### Full Disclosure

1. In its dealings with Plaintiffs, Defendant and its agents made a full and appropriate disclosure, orally and in writing through the loan agreement, to Plaintiffs of all

1170137.1

material facts regarding the mortgage transaction, including that the mortgage was an adjustable rate mortgage.

WHEREFORE, Defendant, FLAGSHIP MORTGAGE CORP. denies that Plaintiffs are entitled to judgment in any amount whatsoever and requests judgment in their favor and for costs so wrongfully sustained.

## JURY TRIAL DEMAND

Pursuant to Federal Rules of Civil Procedure 38 and 39, Defendant demands a jury trial on all issues arising from this lawsuit.

/s/ *Paige M. Neel*
PAIGE M. NEEL
CLAUSEN MILLER P.C.

## CERTIFICATE OF SERVICE AND NOTICE OF ELECTRONIC FILING

The undersigned hereby certifies that she caused true and correct copies of the following:

1. Answer to Complaint

to be electronically filed with the Clerk of the U.S. District for the Northern District of Illinois, Eastern Division using the CM/ECF system which sent notification of such filing to all counsel of record on September 11, 2008.


/s/ *Paige M. Neel*
Paige M. Neel


JOHN M. HYNES
ARDC 3125659
PAIGE M. NEEL
ARDC 6279324
CLAUSEN MILLER P.C.
10 S. LaSalle Street
Chicago, IL  60603-1098
312.855.1010
Attorneys for DEFENDANT, FLAGSHIP MORTGAGE CORP.

1170137.1